USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/19/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID MICHAELS,

                              Plaintiff,

-v-

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                              Defendant.

No. 12 Civ. 9213 (RJS) (GWG)

ORDER ADOPTING
REPORT AND RECOMMENDATION

RICHARD J. SULLIVAN, District Judge:

      On December 18, 2012, Plaintiff David Michaels filed this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of Defendant Commissioner of Social Security Administration ("Commissioner") denying his claims for Disability Insurance under the Social Security Act. (Doc. No. 1.) On March 20, 2013, the Court referred this matter to the Honorable Gabriel W. Gorenstein, Magistrate Judge, for a Report and Recommendation. (Doc. No. 4.) On June 5, 2013, and November 13, 2013, respectively, Plaintiff and Defendant each moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Doc. Nos. 10 & 16.)

      On February 19, 2014, Judge Gorenstein issued a Report and Recommendation (the "Report"), recommending that (1) Plaintiff's motion be denied, and (2) Defendant's motion be granted. In the Report, Judge Gorenstein advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). On March 10, 2014, the Court entered an Order adopting the Report in its entirety, granting the Defendant's motion for judgment on the pleadings, denying Plaintiff's motion for

judgment on the pleadings, and affirming the Commissioner's denial of benefits. (Doc. No. 22.) On the same day, Plaintiff filed his objections (hereinafter, "Objections" or "Obj.") to the Report, asking the Court to consider them as timely filed or to accept them *nunc pro tunc*. (Doc. Nos. 23–24.) On March 13, 2014, the Court directed the Commissioner to respond to the Objections. (Doc. No. 26.) On March 19, 2014, the Commissioner filed her opposition to the Objections. (Doc. No. 27.)

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews the Report for clear error where neither party has made any objections, but where there are objections to determinations made in the Report, the Court will review those determinations *de novo*. *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009). However, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review of the magistrate's recommendations." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citation and internal quotation marks omitted).

As a threshold matter, the Court accepts Plaintiff's objections as timely made. Plaintiff asserts three objections to the Report: (1) that substantial evidence does not support the finding that he can use the computer to work on a sustained basis required for his past relevant work; (2) that he lacks the capacity to perform light work; and (3) that his activities of daily living are not inconsistent with his asserted functional limitations. (Obj. at 3–13.) Plaintiff's objections mirror the arguments he made in his moving papers, simply rearranging many portions of the papers submitted to Judge Gorenstein. (Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings, Doc. No. 11, ("Pl. JP") at 26–34; Plaintiff's Reply Memorandum, Doc.

No. 18, ("Pl. Reply") at 2–8.) In fact, much of the evidence Plaintiff points to is a near verbatim rehashing of the evidence in his moving papers. (*E.g.*, *compare* Obj. at 5–7 *with* Pl. JP at 32–33; *compare* Obj. at 9 *with* Pl. JP at 30; *compare* Obj. at 8–9 *with* Pl. Reply at 2; *compare* Obj. at 11–12 *with* Pl. Reply at 6–8.) Because Plaintiff reasserts the same arguments, he is not entitled to *de novo* review of the Report on the basis of his filed objections. *McDonaugh*, 672 F. Supp. at 547; *Molefe*, 602 F.Supp.2d at 487. Accordingly, the Court reviews the Report for clear error.[1]

The Court finds no clear error in the thorough reasoning and conclusion set forth in Judge Gorenstein's Report, and agrees that "given the evidence of Michaels' active lifestyle, together with the testimony of medical expert Dr. Winkler and the other generally consistent medical evidence, there was substantial evidence in the record to support the ALJ's finding that Michaels could perform light work." (Report at 43.) Moreover, the Objections do not challenge the standards that Judge Gorenstein employed or dispute the evidence Judge Gorenstein relied on; rather, Plaintiff reargues his claim that other evidence exists in the record that supports a finding in favor of Plaintiff. However, as Judge Gorenstein noted and the case law makes clear, the existence of contrary evidence in the record does not suffice to find in favor of plaintiff if substantial evidence nonetheless supports the ALJ's determination. *See, e.g., Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) ("Even where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence.") (citation and internal quotation marks omitted); *Johnson v. Astrue*, 563 F. Supp. 2d 444, 454 (S.D.N.Y. 2008) ("If the reviewing court finds substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also exists.") (citation

---

[1] Even if the Court were to apply the *de novo* standard of review, it would reach the same conclusion.

omitted); *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) ("The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise.*") (emphasis in original) (citation and internal quotation marks omitted).  Here, the ALJ's decision that Plaintiff has the Residual Functional Capacity to perform light work and that jobs exist in in the national economy that Plaintiff can perform is supported by substantial evidence.

Accordingly, the Court adopts the Report in its entirety, and IT IS HEREBY ORDERED that Plaintiff's motion for judgment on the pleadings is DENIED, Defendant's motion for judgment on the pleadings is GRANTED, and the Commissioner's denial of benefits is AFFIRMED.  The Clerk of the Court is respectfully directed to terminate the motions pending at docket numbers 10 and 16, and to close this case.

SO ORDERED.

DATED: May 15, 2014
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE