UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DAVID MICHAELS,                                                  :

        Plaintiff,                    :        12 Civ. 9213 (RJS) (GWG)

  -v.-                                                         :        REPORT AND
                                                      RECOMMENDATION
CAROLYN W. COLVIN,                                               :
Acting Commissioner of Social Security,
                                                      :
        Defendant.
-----------------------------------------------------------------X
GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

      Attorneys for plaintiff David Michaels have filed a motion pursuant to 42 U.S.C. § 406(b) seeking approval of the attorney's fees in the amount to which they are entitled under their retainer agreement with plaintiff.  See Motion for Approval of Contingent Fee Agreement Under 42 U.S.C. § 406(b), filed June 15, 2016 (Docket # 38).  The retainer agreement allowed the attorneys to recover 25% of the total amount recovered.  See Retainer Agreement - Federal Court, dated Nov. 23, 2012, appended as Exhibit A to Declaration of Christopher James Bowes in Support of Plaintiff's Motion for Approval of the Contingent Fee Agreement Pursuant to 42 U.S.C. § 406(b), filed June 15, 2016 (Docket # 39) ("Bowes Decl.").  The attorneys seek $76.381.73, after deducting fees that had previously been awarded, id., ¶ 22.  The Government has not opposed this motion.  See Letter from Jason P. Peck, filed June 16, 2016 (Docket # 41).

      42 U.S.C. § 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by such judgment . . . .

42 U.S.C. § 406(b)(1)(A).  Factors relevant to a request for approval are summarized in this Court's decision in Blizzard v. Astrue, 496 F. Supp. 2d 320 (S.D.N.Y. 2007).  They include:

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

1

Id. at 323 (citation and internal quotation marks omitted).

All the factors weigh in favor of the fee request here. Michaels' attorneys were particularly successful in that they obtained an award of benefits even after Michaels' application had been denied multiple times at the agency level and once at the district court level. Bowes Decl. ¶¶ 4-18. Counsel submitted detailed, non-boilerplate memoranda of law in support of Michaels' case in the district court and the memoranda contained extensive factual and legal analysis. His attorneys handled the case efficiently and without unnecessary litigation. We note that both attorneys have frequently appeared in Social Security matters. Finally, the benefits received by the claimant are not disproportionate "in comparison to the amount of time counsel spent on the case." Id. at 322 (citation and internal quotation marks omitted). The hourly rate the requested compensation yields when judged by a lodestar analysis is $607.19, Bowes Decl. ¶ 38, which is not "so outside the bounds of reasonableness as to require a reduction." Blizzard, 496 F. Supp. 2d at 325 (approving fee that resulted in a $705 hourly rate). In light of the importance of encouraging attorneys to accept Social Security cases on a contingency basis, the request for compensation should be approved.

The only adjustment that should be made is that the fee amount should be reduced by $26.23, because the amount requested by plaintiff's counsel (which matches the amount withheld by the agency) exceeds the 25% cap contained in 42 U.S.C. 406(b) by $26.23. See Letter from Jason P. Peck, filed June 16, 2016 (Docket # 41) at 2 ($365,422.00 total collected X .25 = $91,355.50, minus $15,000 previously awarded = $76.355.50).

Accordingly, the motion for approval of attorney's fees (Docket # 38) should be granted in the amount of $76.355.50.

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Richard Sullivan, at 40 Foley Square, New York, New York 10007, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Sullivan. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: June 24, 2016
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge